IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEMMIE ST. AMAND,<br> Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-11-1943 |
| | § | |
| SPRING INDEPENDENT SCHOOL<br>DISTRICT,<br> Defendant. | §<br>§<br>§<br>§ | |

## **MEMORANDUM AND ORDER**

Plaintiff Clemmie St. Amand, *pro se*, filed a Motion for Remand [Doc. # 6] and a Motion for Partial Remand [Doc. # 7] (collectively, "Motions to Remand"). In the Motions to Remand, Plaintiff argues that the Notice of Removal was untimely, that Defendant failed to provide notice of its removal of this case, and that the state law claims should be severed and remanded to state court. Defendant filed a Response [Doc. # 9], asserting that the removal was filed within thirty days after Plaintiff filed an amended pleading adding federal claims, that it properly mailed timely notice of removal to Plaintiff, and that it gave her actual notice of removal orally at an informal settlement meeting between the parties. Defendant notes that there is no dispute that the Court has federal question subject matter jurisdiction, and argues that the claims should not be severed into two lawsuits. Having carefully reviewed the full record and applied governing legal authorities, the Court **denies** the Motions to Remand.

P:\ORDERS\11-2011\1943MsRemand.wpd 110906.1049

## I.     BACKGROUND

Plaintiff is the mother of a student enrolled in a Spring Independent School District ("SISD") school. Plaintiff's child receives special education services pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Plaintiff alleges that she complained to SISD that the school staff failed to change her son's soiled diaper and the school administration agreed to move her son to a different classroom with a new staff.  Plaintiff alleges also that she attempted to drop her son off at school early one morning and was informed that she needed to verify beforehand that someone was at the school early to receive her son.  Plaintiff alleges that she engaged in a "verbal altercation" with an SISD employee.  As a result of the incident, Plaintiff was charged with and convicted of assault on a public servant.

Plaintiff filed this lawsuit against SISD and three of its employees in Texas state court, asserting only state law claims.  The state court dismissed the employee defendants and ordered Plaintiff to provide legal authority for her claims against SISD.

On April 25, 2011, Plaintiff filed her Second Amended Petition, deleting the employees as defendants, deleting all the state law tort claims, and adding for the first time alleged violations of the Fourteenth Amendment to the United States Constitution, the IDEA's implementing federal regulations, and the "Universal

Declaration of Human Rights" as recognized in the "International Covenant on Civil and Political Rights."

Defendant filed its Notice of Removal on May 20, 2011. Plaintiff filed her Motions to Remand on July 20, 2011. The Motions to Remand are now ripe for decision.

## II.     ANALYSIS

### A.     Timeliness of Removal

The Federal Rules of Civil Procedure require a notice of removal in a civil case to be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .." 28 U.S.C. § 1446(b). If, however, the case as originally filed is not removable, the Notice of Removal must be filed within thirty days "after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper" from which it may first be determined that the case is removable. *Id.*

The Second Amended Petition, which added federal claims for the first time, was filed in state court on April 25, 2011, and was removed on May 20, 2011. Because the Notice of Removal was filed less than 30 days after the federal claims were added in the Second Amended Petition, removal was timely.

B.      **Proper Notice of Removal**

Plaintiff asserts that she did not receive proper notice that the case had been removed to federal court. The uncontroverted evidence in the record reflects that Defendant sent a copy of the Notice of Removal to Plaintiff on May 20, 2011. The United States Postal Service ("USPS") attempted to deliver the Notice of Removal to Plaintiff. Because Plaintiff was not at home, the USPS left a notice of attempted delivery.

On May 23, 2011, Plaintiff and Defendant engaged in a settlement conference at Plaintiff's request. During the conference, defense counsel notified Plaintiff orally that the case had been removed to federal court.

On June 6, 2011, Defendant filed its Certificate of Service in a Removed Action ("Certificate"). Defendant sent a copy of the Certificate and a copy of this Court's Procedures to Plaintiff. On June 7, 2011, the USPS attempted unsuccessfully to deliver the documents to Plaintiff and left a notice regarding the attempted delivery.

Although the Court accepts Plaintiff's representation that she did not receive timely written notice that the case had been removed, the Court finds that Plaintiff was given adequate and timely oral notification of removal. The Court finds further that Plaintiff would have received timely written notice had she complied with the USPS's notices regarding attempted delivery. Plaintiff is cautioned that she must accept

delivery of all mailings from the Court and from defense counsel and, if necessary, must comply with USPS notices regarding how to obtain mailings after an unsuccessful attempt at delivery.

### C.     Severance and Remand of State Law Claims

Plaintiff does not assert that the lawsuit lacks federal claims which provide the basis for this Court's subject matter jurisdiction. Instead, Plaintiff notes that the lawsuit includes state law claims also, which Plaintiff wants severed and remanded to state court. In support of her request, Plaintiff cites *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988). As noted by the Ninth Circuit in *Emrich*, the doctrine of pendent jurisdiction allows a district court "to adjudicate factually related state claims in cases raising federal questions, whenever the federal law claims and state law claims 'derive from a common nucleus of operative fact.'" *Emrich*, 846 F.2d at 1195 (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966); *Hurn v. Oursler,* 289 U.S. 238, 243-247 (1933)).

In this case, the only state law claim arises out of Texas's compliance with the IDEA's administrative hearing and appeal process. The state law claim relates to Plaintiff's federal law claims regarding SISD's treatment of her disabled son, and the state and federal claims "derive from a common nucleus of operative fact." As a result, the Court has jurisdiction to decide the entire lawsuit. Plaintiff has provided

no persuasive argument or factual basis for this Court to sever the state law claims from the related federal claims. The Court declines to sever this lawsuit into two separate lawsuits.[1]

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Defendant's removal was timely. The Court finds that Defendant attempted to provide proper notice and provided actual notice to Plaintiff that the case had been removed to federal court. The federal claims are predominant in this lawsuit and the Court declines to sever and remand the state law claims. Instead, the Court will consider the claims, which are all related, together as a single lawsuit. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motions for Remand [Docs. # 6 and # 7] are **DENIED**.

SIGNED at Houston, Texas, this 6th day of **September, 2011**.

_____
Nancy F. Atlas
United States District Judge

---

[1] The Court notes that the same issues regarding SISD staff's failure to change the soiled diaper and the incident in connection with Plaintiff's attempt to drop off her son at school early are currently pending in Civil Action No. H:11-cv-0064, assigned to the Honorable Vanessa Gilmore. Plaintiff and defense counsel should be prepared at the September 14, 2011, initial pretrial and scheduling conference to discuss whether this case should be consolidated into Judge Gilmore's case.