IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEMMIE ST. AMAND, Individually and As Next Friend of R.R., a Minor, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-11-1943 |
| SPRING INDEPENDENT SCHOOL DISTRICT, Defendant. | § § § § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 36] filed by Defendant Spring Independent School District ("SISD"), to which Plaintiff Clemmie St. Amand, *pro se*, filed an Opposition [Doc. # 42], and SISD filed a Reply [Doc. # 43]. Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** the Motion to Dismiss.

## **I.     BACKGROUND**

Plaintiff's child receives special education services in an SISD school. Plaintiff, *pro se*, filed a Third Amended Complaint alleging as background that she complained to SISD that the school staff failed to change her son's soiled diaper and the school administration "agreed to administratively change [her son] to another classroom with 'new staff.'" Plaintiff alleges that when she attempted to drop her son

off at school early one morning shortly thereafter, she was informed that she needed to verify beforehand that someone was at the school early to receive her son. The encounter escalated, and Plaintiff was charged with and convicted of assault on a public servant.

In the Third Amended Complaint [Doc. # 25], Plaintiff alleges that SISD violated her rights under the due process clause of the Fourteenth Amendment and her rights under the First Amendment. Plaintiff also alleges that SISD violated the Americans With Disabilities Act ("ADA"). Defendant filed a Motion to Dismiss, which has been fully briefed and is ripe for decision.

## II.     STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. Additionally,

regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III.  ANALYSIS

#### A.  Plaintiff's Inability to Represent Son

Plaintiff purports to assert claims on behalf of her son. Plaintiff is not an attorney and, as a result, is not authorized to represent the interests of her son. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978); *L.F. b/n/f Marry Ruffin v. Houston Indep. Sch. Dist.*, 2009 WL 3073926, *13 (S.D. Tex. Sept. 21, 2009) (Rosenthal, J.). Plaintiff may, however, pursue her own individual claims without an attorney.

#### B.  Fourteenth and First Amendment Claims

Plaintiff alleges that SISD violated her due process rights under the Fourteenth Amendment. Plaintiff alleges specifically that SISD "prevented her from engaging in the common occupation of life by supporting her son's education [and] ensure her son was educated in a safe non-hostile environment." *See* Third Amended Complaint [Doc. # 25], p. 7. Plaintiff alleges SISD violated her liberty interest to drop her son off at school at 8:30 a.m. and to take her son home free from a hostile environment. *See id.* Plaintiff alleges that SISD violated her property interest by refusing her

request to have access to her backpack and by failing "to allow the Plaintiff, her right to bodily restraint. Prevention from falling and hurting herself after her body/property was violated."[1]  *See id.*

Plaintiff alleges that SISD violated her rights under the First Amendment "when staff and administrators were making traveling conversation alleging [she] should not speak to anyone." *See* Third Amended Complaint, p. 10.

Defendant argues that Plaintiff's Third Amended Complaint should be dismissed because she did not assert these claims pursuant to 42 U.S.C. § 1983. Plaintiff states in her Opposition that although she did not state specifically that her claims were asserted pursuant to § 1983, "that does not mean that they were not." *See* Opposition, p. 3.  Plaintiff is proceeding *pro se* and her complaint is to be liberally construed.  *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 465 (5th Cir. 2010). Therefore, the Court will construe Plaintiff's Third Amendment Complaint as asserting her Fourteenth and First Amendment claims pursuant to § 1983.

A § 1983 claim against a municipality "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Doe ex rel. Magee v. Covington County Sch. Dist.*,

---

[1] Plaintiff alleges also that SISD violated her right to the "pursuit of orderly happiness," but there is no recognized right to happiness protected under the Fourteenth Amendment.

675 F.3d 849, 866 (5th Cir. 2012) (citing *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dept. of Social Services,* 436 U.S. 658, 694 (1978))). In this case, Plaintiff has not alleged that SISD had an official policy that was the "moving force" behind the alleged constitutional violations. As a result, SISD is entitled to dismissal of Plaintiff's § 1983 claims based on alleged violations of the Fourteenth and First Amendments.

### C. ADA Claim

Title II of the ADA provides that an individual shall not be excluded from participating in or denied the benefits of services, programs, or activities of a public entity because of a qualifying disability. 42 U.S.C. § 12132. To state a claim for relief under Title II, the plaintiff must allege "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services . . . for which the public entity is responsible . . .; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

The regulations provide that a "public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 28 C.F.R. § 35.130(g). An "associational discrimination claim 'requires a separate and distinct denial of a benefit or service to a non-disabled

person' and 'may not be premised on a derivative benefit or harm based on treatment towards a disabled person.'" *Kelly-Fleming v. City of Selma*, 2012 WL 1900556, *2 (W.D. Tex. May 24, 2012) (quoting *Hooker v. Dallas Indep. Sch. Dist.*, 2010 WL 4024776, *5 (N.D. Tex. Sept. 13, 2010)). In *Kelly-Fleming*, the plaintiffs alleged that the City of Selma intentionally delayed hearings on their application to have their property rezoned so they could open a private school for children with learning disabilities. The district court found that this adequately alleged a separate and distinct denial of a benefit or service, and that the plaintiffs stated a claim for associational discrimination claim under the ADA.

Plaintiff alleges that SISD violated her rights under the ADA by refusing to allow her to assist her son, refusing to allow her to use the side door to the school, and by failing to provide her with "necessary drop off information to use the front entrance." *See* Third Amended Complaint, p. 12. Plaintiff does not allege that any of the alleged conduct by SISD was taken against Plaintiff because she is the mother of a disabled child. Additionally, Plaintiff does not allege that she was treated differently from the parents of non-disabled students who drove their children to school. As a result, Plaintiff has failed to state a claim for associational discrimination in violation of the ADA.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiff, a non-attorney proceeding *pro se*, may not assert claims on behalf of her son. The Court concludes also that Plaintiff has failed to allege a factual basis for her Fourteenth Amendment, First Amendment, and ADA claims. As a result, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 36] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this 6th day of **August, 2012**.

_____
Nancy F. Atlas
United States District Judge